UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRP FUND IV, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> HSBC BANK USA, NATIONAL ) <br> ASSOCIATION, et al, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-01826-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Remand, (ECF No. 4), filed by Plaintiff TRP FUND IV, LLC ("Plaintiff").  Defendant HSBC Bank USA, National Association, as Trustee for the Holders of the Merril Lynch Mortgage Investors Trust, Series 2006-A3 ("HSBC") filed a Response, (ECF No. 7).  Plaintiff did not file a reply, and the time to do so has lapsed.  For the following reasons, the Court **GRANTS in part** and **DENIES in part** the Motion to Remand.

I.     BACKGROUND

This case arises out of an HOA foreclosure sale. (Notice of Removal ¶ 1, ECF No. 1). Plaintiff originally filed this action in state court on April 27, 2016, against HSBC and Defendant Daniel Ramage ("Ramage") (collectively "Defendants"). (Compl. ¶¶ 1–8, Ex. A to Notice of Removal, ECF No. 1–1).  On May 26, 2016, Plaintiff attempted service on HSBC, a bank, by delivering a copy of the Complaint to a customer service representative at an HSBC branch in Virginia. (Notice of Removal ¶ 5).  On August 2, 2016, HSBC removed the action to this Court asserting that the Court has original jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 3).

In the instant Motion to Remand, Plaintiff asserts that HSBC's Notice of Removal was filed after the expiration of the thirty-day window under 28 U.S.C. § 1446(b)(1). (Mot. to

Remand 1:20–23, ECF No. 4). Plaintiff points to its purported service on May 26, 2016, as the triggering event for the thirty-day time period. (*Id.* 4:18–19). Additionally, Plaintiff requests the Court award actual costs and attorneys' fees. (*Id.* 3:10–11).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

### III.  DISCUSSION

The Court first determines whether removal is proper and then turns to Plaintiff's request for costs and attorneys' fees.

### A.  Removal

Plaintiff asserts that the thirty-day window for removal started on May 26, 2016, when Defendant received actual notice of the state court complaint. (Mot. to Remand 4:18–25, 5:1). Alternatively, Plaintiff argues that at the very latest the thirty-day window for removal began on June 15, 2016, when HSBC filed both a Notice of Appearance and an Initial Appearance Fee Disclosure in the state court action. (*Id.* 4:19–25, 5:1). According to Plaintiff, therefore, HSBC's time to seek removal expired on July 14, 2016. (*Id.* 5:1–2). HSBC filed the petition for removal on August 1, 2016, and the Notice of Removal on August 2, 2016, "[a] minimum of 16 days late." (*Id.* 4:25, 5:1–6). In response, HSBC contends that it has not been properly served and the time to remove has not expired. (Resp., 2:3–4, ECF No. 7).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the United States Supreme Court interpreted the thirty-day window outlined in 28 U.S.C. § 1446(b) to begin once the defendant is notified of the action and brought under a court's authority by formal process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. at 347–48.

Here, Plaintiff asserts that the thirty-day window for removal started on May 26, 2016, when Plaintiff delivered a copy of the Complaint and summons to an HSBC branch representative. However, HSBC has not been properly served. *See Nascimento v. Wells Fargo Bank, N.A.*, 2011 WL 3652595, *2 (D. Nev. Aug. 19, 2011) (noting that delivery of a complaint to a "service manager" at local branch of a national banking institution fails to accomplish

proper service). HSBC is a corporate entity and therefore, proper service should be in accordance with Federal Rule of Civil Procedure 4(h). Pursuant to Rule 4(h), a corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by the state law in which the district court is located. Under Nevada law, if the suit is against an entity formed under Nevada law or registered to do business in the state, service may be accomplished by serving "the registered agent thereof or if the entity . . . is (i) a corporation, to any officer thereof[.]" NRCP 4(d)(1). If service cannot be effectuated on the registered agent or an officer of the corporate entity, Nevada law provides an alternate means to accomplish service by delivering a copy of the summons and complaint to the Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1).

Here, Plaintiff did not personally serve HSBC's corporate agent nor any other specified corporate representative. (*See* Aff. of Service, ECF No. 1-2). Under the *Murphy Brothers* logic, the removal window has not begun until Plaintiff properly serves HSBC by formal process. Accordingly, HSBC is not yet a party to this action, and HSBC therefore has no standing to remove. As HSBC has the burden of disproving the strong presumption against removal jurisdiction, it bears the burden of showing that it was, indeed, served with a summons in this action. HSBC has not made such a showing. Therefore, because HSBC was improperly served and removal was untimely, the Court must remand this action to state court.[1]

### B.   Attorneys' Fees

Plaintiff also requests costs and attorneys' fees in the Motion to Remand. (Mot. to Remand 3: 10–11). The Supreme Court has pronounced the standard for obtaining attorneys'

---

[1] Plaintiff also argues that HSBC waived service by filing a Notice of Appearance and Initial Appearance Fee Disclosure in state court. (*See* Mot. to Remand 4:18–20). Even if Plaintiff is correct, removal would still be improper as untimely.

fees under the removal statute as whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *accord Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). The Court finds that HSBC did not lack an objectively reasonable basis for removal in this case. Indeed, it appears that diversity jurisdiction likely exists in this case: more than $75,000 is at stake, and it is possible that complete diversity of citizenship exists. The primary issue with the removal is HSBC's lack of standing, not that HSBC removed the case on some unreasonable basis. Therefore, Plaintiff's request for actual costs and attorneys' fees is denied.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand, (ECF No. 4), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees is hereby **DENIED**.

**DATED** this __4__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge